**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PASCAL GEDEON,  *Plaintiff*, | : : : |
| v. | : : CIVIL ACTION NO. 23-CV-2841 |
| GENE E.K. PRATTER, *et al.*  *Defendants*. | : : : |

**MEMORANDUM**

**PAPPERT, J.**                                                                                           **July 31, 2023**

Pascal Gedeon, a pretrial detainee housed at FDC Philadelphia, filed this action seeking declaratory and injunctive relief against United States District Judge Gene E.K. Pratter, Jacqueline C. Romero, the United States Attorney for the Eastern District of Pennsylvania, and the United States. Gedeon also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted and the case dismissed with prejudice.

I[1]

Gedeon is in pretrial custody awaiting trial on charges of distribution and attempted distribution of child pornography. *See United States v. Gedeon*, No. 21-CR-210 (E.D. Pa.). Judge Pratter is assigned to the case. Gedeon seeks declaratory and injunctive relief against Judge Pratter because she allegedly deprived Gedeon of his Fourth Amendment rights and failed to afford him due process. (Compl. at 1.) Gedeon's allegations of a due process violation appear to be based on his belief that his

---

[1] The facts set forth in this Memorandum are taken from Gedeon's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

pretrial detention has become punitive. (*Id*. at 2-3.) He contends that Judge Pratter improperly ordered that he be kept in pretrial custody, even though she "knows very well how important a due process violation can be." (*Id*. at 3.) He contends Judge Pratter acted maliciously by keeping him in custody, referring to a docket entry in his criminal case (No. 21-CR-210, ECF No. 40).[2] Gedeon also asserts that in another docket entry (*id*. ECF No. 60), a document that Gedeon himself filed *pro se*, "the court was ordered to take judicial notice as required by Federal Rule of Criminal Procedure 52" that the statute under which he has been charged, 18 U.S.C. § 2252(b)(1) is unconstitutional. (Compl. at 3-.) He provides legal argument and citations allegedly supporting his view. (*Id*. at 3-5.) He requests that Judge Pratter be criminally charged and compelled to make rulings in his criminal case in line with his views. (*Id*. at 5-6.) He believes the Court may compel Romero to initiate a criminal prosecution against Judge Pratter. (*Id*. at 2.) He also asks the Court to create an unspecified "remedy for Judge Pratter's misconduct and abuse of office." (*Id*.)

II

The Court will grant Gedeon leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient

---

[2] That docket entry is a minute entry of proceedings at a status hearing in Gedeon's criminal case presided over by Judge Tucker on November 18, 2021, before the case was reassigned to Judge Pratter. It records that Gedeon's defense counsel requested an extension of time of the dates then currently set for case preparation. The Government did not object and the Court agreed to the extension. Even though the extension was requested by the defense, Gedeon asserts that Judge Tucker, who is not a defendant in this case, violated his speedy trial rights. (Compl. at 6.)

[3] Because Gedeon is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Gedeon is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III

The Court understands Gedeon to be asserting constitutional claims for injunctive relief against Judge Pratter and United States Attorney Romero and the United States. The vehicle by which constitutional claims may be asserted against federal actors in federal court is a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). However, the availability of *Bivens* as a cause of action is limited, and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action."[4] *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity,"

---

[4] Because Gedeon's claims fail for the reasons about to be stated, the Court will dispense with an analysis of whether Gedeon has even alleged recognized *Bivens* claims.

that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." (internal quotations marks and citations omitted)).

The Court dismisses with prejudice Gedeon's *Bivens* claim against Judge Pratter because it is barred by the doctrine of judicial immunity. Federal judges are immune from liability for all actions taken in their judicial capacity unless such action is taken in the absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judicial act is a function normally performed by a judge. *Id*. at 362. "'[W]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997). Judge Pratter's Order that Gedeon remain in pretrial custody is a judicial act within her jurisdiction in a criminal case filed in this District. Moreover, the United States Court of Appeals for the Third Circuit has suggested that federal judges are immune to claims for injunctive relief as well as claims for money damages. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (stating "because the injunctive relief sought by Azubuko does not address the actions of Judge Royal other than in his judicial capacity, his claim for injunctive relief is barred"); *Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (citing *Azubuko* and holding that district court judge did not abuse his discretion in *sua sponte* dismissing claims against the United States and four federal judges and denying the motion for a preliminary injunction "requiring the defendants to correct all present and past violations" of law).

The *Bivens* claim asserted against United States Attorney Romero seeking to compel her to prosecute Judge Pratter is also dismissed with prejudice because "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). Furthermore, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Finally, the *Bivens* claim against the United States is also dismissed with prejudice. *Bivens* claims may not be brought against the United States or federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.").

IV

For the foregoing reasons, the Court will dismiss this case with prejudice because leave to amend would be futile.  An appropriate Order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**